IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>SIGIFREDO SAENZ,<br>　　　　Defendant. | Case No. 05-10245-JTM |

MEMORANDUM AND ORDER

Defendant Sigifredo Saenz was charged with one count of Conspiracy to distribute methamphetamine (Count 3), in violation of 21 U.S.C. §846, and with three counts of Distribution of methamphetamine (Counts 2, 4, 5), in violation of 21 U.S.C. §841(a) (Doc. 39, Indictment). Following a six-day trial, Saenz was found guilty of all counts on April 3, 2006 (Doc. 73, 82, 89). Saenz appealed his conviction, which was affirmed by the Tenth Circuit on May 16, 2007. (Dkt. No. 124).

Saenz has now filed a motion to vacate his sentence under 28 U.S.C. § 2255. He presents four arguments. He argues that his trial counsel was deficient first, in "opening the door" to hearsay testimony as to a relationship between Jose Lara and him, and second, by failing to object to such testimony on Confrontation Clause grounds. Third, he argues that his counsel failed to communicate to him the nature of the final plea offer from the government. Fourth, that counsel failed to object to the amounts of drugs described in the Presentence Reports.

The Court finds that Saenz's motion is without merit and should be denied without further evidentiary hearing. As to the first two instances of alleged ineffective assistance of counsel, the claim arises from counsel's cross-examination of witnesses as to the identity of Jose Lara and his relationship to Saenz. This included examination of Newton Police Detective Casey Watkins:

> Q. Detective. I'm sorry. The search of the radiator shop was done the day after Mr. Saenz and Howard Richey and Gabriel Eggleston and Justin Lehrman were arrested?
>
> A. Yes, sir.
>
> Q. And the information that you said you had about that radiator shop, was that information that you had prior to the execution of the search warrant on the 17th?
>
> A. Some of the information, yes.
>
> Q. So you didn't feel like your information was really complete about that though until the 17th, to go ahead and execute it then; is that correct?
>
> A. I believe we didn't have what we believed probable cause to get into it until after the 17th, correct.
>
> Q. And when – Mr. Lara was present when you executed that search warrant, wasn't he?
>
> A. Mr. Lara?
>
> Q. Lara?
>
> A. Yes, sir.
>
> Q. Is that how you pronounce it: Lara?
>
> A. Yes, sir.
>
> Q. And when you find drugs during the execution of a search warrant at someone's house or their business, if they are there you generally arrest them, don't you?
>
> A. That, and among other things would have to be contributing factors, but, yes.
>
> Q. One of the problems is if there's a bunch of people that have access to that business or to that house, or if a bunch of people live in a house, it's difficult sometimes to know who to the arrest for the drugs you find; is that correct?
>
> A. We have to continue the investigation to try and determine as best we can, yes.
>
> Q. You can't arrest everybody because they are there, can you, or could you?
>
> A. I believe you would be able to detain for further investigation.

> Q. Was Mr. Lara arrested on the 17th when this cocaine was found in his business?
>
> A. Yes, sir.
>
> Q. Okay. Do you have any knowledge whether or not he has been charged or accused of being part of this conspiracy with my client, Mr. Saenz, and Mr. Richey and Mr. Lehrman and Mr. Eggleston?
>
> A. He was charged with the drugs that we found in his business.
>
> Q. Where was he charged – in Harvey District Court?
>
> A. Yes.
>
> Q. He wasn't brought to Federal Court, was he?
>
> A. Not to my knowledge.
>
> Q. Is that case still pending?
>
> A. It's proceeding through criminal prosecution, yes.
>
> Q. Okay. You don't have anyway of knowing yourself, do you, why that case was selected to be prosecuted in the State Court versus the Federal Court, do you?
>
> A. No, Sir.

(R. V, at 354-56.)

After this cross-examination, the government asked Watkins whether Lara had implicated anyone in the investigation. Defense counsel objected on hearsay grounds. The court overruled the objection. Watkins then answered that Lara had implicated Saenz. (R. V, at 354-56.)

Saenz's arguments in his § 2255 motion are without merit. Saenz has failed to show that counsel's performance "'fell below an objective standard of reasonableness' and that the deficient performance prejudiced him." *United States v. Simms*, 2007 WL 521229 (10th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *United States v. Lopez*, 100 F.3d 113 (10th Cir. 1996). Counsel specifically objected to the government's question as to statements from Lara to Watkins. This precise argument was presented to the Tenth Circuit in Saenz's direct appeal. The court considered and rejected Saenz's Confrontation Clause claim, *United States v. Saenz*, 232

Fed. Appx 811 (10th Cir. 2007), holding that there was no violation of the defendant's rights under *Crawford v. Washington*, 541 U.S. 36 (2004). The Tenth Circuit specifically stated that although it would apply a plain error standard, it would apply that standard "less rigidly and closely scrutinize the record" in light of counsel's hearsay objection. (Dkt. No. 124, at 6-7). And that close scrutiny of the record led the Court to conclude that "the admission of Officer Watkins's statement did not affect the outcome of the trial" given the wealth of other evidence documenting Saenz's guilt. (*Id.* at 7). Similarly, this court finds that counsel's performance was not materially deficient, given the need to carefully examine all witnesses in the proceeding and his contemporaneous objection to the testimony. Further, given the substantial other evidence in the trial, even assuming any deficiency existed it merely represented an "unelaborated statement" which had "minimal significance," and so did not prejudice the defendant. *See id.*

Saenz's third argument, that counsel violated his duty to inform him of plea offers, is also without merit. *See United States v. Morris*, 106 Fed. Appx. 656 (10th Cir. 2004) (discussing the obligation to convey offers). The evidence shows that the United States advanced two offers; both of these were conveyed to the defendant. Not only has Saenz failed to show that any other offer existed, he has failed to show that such offer would have been acceptable to the Court, and thus has not shown any prejudice. The Court, which ultimately imposed a sentence (195 months) well outside the guidelines range, (Dkt. No. 108), in fact would not have accepted any lesser sentence given the gravity of the offenses involved. There was no reasonable probability of Saenz receiving a lesser sentence, and, as a result, there is no prejudice arising from the putative error. *United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995).

Finally, Saenz argues counsel was deficient in failing to challenge the drug amounts described in the Presentence Report (PSR) as to Relevant Conduct. In fact, counsel did object to the guidelines calculations testimony of Howard Richey, and the Court as a result also agreed to consider a lower sentence (PSR ¶111- 117, 129). The original PSR reached a guideline range of 235 to 293 months (PSR at ¶¶ 38 43, 53,86 ). After granting counsel's objection, as noted earlier, the Court gave Saenz a sentence which reflects a 40 month variance from the guidelines range.

The motion, files, and records of the case conclusively demonstrate that Saenz is not entitled to the relief sought, and his motion is accordingly denied without further evidentiary hearing.

IT IS ACCORDINGLY ORDERED this 12th day of January, 2009, that the defendant's Motion to Vacate (Dkt. No. 128) is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE